UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**CIVIL ACTION NO. 11-308-C**

**IN RE:**

**THERESA MARIE GERSTLE FAMILY
LIMITED PARTNERSHIP**

    **Debtor**

**THERESA MARIE GERSTLE FAMILY
LIMITED PARTNERSHIP**     **APPELLANT,**

**V.**     <u>**MEMORANDUM OPINION AND ORDER**</u>

**INNWOOD CONDOMINIUM
PROPERTY ASSOCIATIONS, INC.,**     **APPELLEE.**

\* \* \* \* \* \* \* \* \* \*

This matter is before the court on Innwood Condominium Property Associations' motion to dismiss (R. 4). The court will deny the motion because the Theresa Marie Gerstle Family Limited Partnership has not exhibited negligence, indifference, or bad faith with regard to this appeal.

Innwood asserts that this court should dismiss the Partnership's appeal because the Partnership has repeatedly missed filing deadlines and otherwise exhibited noncompliance in the underlying bankruptcy action and because the Partnership was a day late in filing its designation of record and statement of issues on appeal; however, none of this justifies dismissing the Partnership's appeal. First, the court cannot give weight to alleged noncompliance by the Partnership in

the underlying bankruptcy action.  This court is not in a position to measure the effects of that alleged noncompliance.  Any cumulative impact of the asserted noncompliance, which occurred prior to this appeal, cannot be interpreted as negligence, indifference, or bad faith with regard to this appeal.  *See In re Smith*, 119 B.R. 558, 560 (S.D. Ohio 1990) (citing *In re Winner Corp.*, 632 F.2d 658, 661 (6th Cir. 1980)).  This court will not invade the province of the bankruptcy court by sanctioning the Partnership for conduct that is not at issue in this appeal.

Second, while a district court is empowered to dismiss a bankruptcy appeal for failure to comply with appellate process deadlines, *see* FED. R. BANKR. P. 8001(a), Innwood has failed to establish that the Partnership acted in bad faith with regard to the appeal or that the failure to timely file the designation of record was due to the Partnership's negligence or indifference.  *See In re Smith* at 560. The Partnership's attorney has provided evidence that the one-day delay was due to computer problems in his office. When those problems arose, he moved for extension of time and served the required documents the next day, one day late. These actions do not constitute negligence or indifference.  Furthermore, Innwood has not asserted that it was prejudiced in any way by the delay. *See id.* This minimal delay cannot justify dismissing this case and denying the Partnership the opportunity to argue its appeal on the merits. *See id.*  Accordingly,

**IT IS ORDERED** that the motion to dismiss (R. 4) is denied.

Signed on September 9, 2011

Jennifer B. Coffman, Judge
United States District Court